TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
CHRISTIAN R. ACEVEDO (Cal. Bar No. 323718)
Special Assistant U.S. Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6922
     Facsimile: (951) 276-6202
     E-mail:  christian.acevedo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR NO. 20-13-JFW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LARISA BETH KOWALSKI |
| v. | |
| LARISA BETH KOWALSKI, | |
| Defendant. | |

1.   This constitutes the plea agreement between LARISA BETH KOWALSKI ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and two

of the indictment in <u>United States v. Kowalski</u>, ED CR No. 20-13-JFW, which charge defendant with Use of an Unauthorized Access Device in violation of 18 U.S.C. § 1029(a)(2) and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

       h.   At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $13,962.55 ($5,832.71 to Plug-In Auto Dealership and $8,129.84 to Gosch Auto Dealership) to be applied to satisfy defendant's anticipated criminal debt. Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

   i. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

   j. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

   k. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

   l. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

 3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 13 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSES

  4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Use of an Unauthorized Access Device, in violation of Title 18, United States Code, Section 1029(a)(2), the following must be true:  (1) defendant knowingly used the unauthorized access devices at any time during a one-year period beginning August 12, 2019 and ending September 7, 2019; (2) by using the unauthorized access devices during that period, the defendant obtained anything of value worth $1,000 or more during the period; (3) defendant acted with the intent to defraud; and (4) defendant's

4

conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

5. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1), the following must be true: First, the defendant knowingly used without legal authority a means of identification of another person; (2) defendant knew that the means of identification belonged to a real person; and (3) the defendant did so during and in relation to the crime charged in count one, that is, Use of an Unauthorized Access Device in violation of Title 18, United States Code, Section 1029(a)(2).

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(2), is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count two of

the indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

9. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 12 years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

10. Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges. The parties currently believe that the applicable amount of restitution is approximately $13,962.55, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13. Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

14.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On August 12, 2019, defendant went to a Gosch Auto Dealership in Temecula, California and told the sales staff that she was interested in purchasing a white colored 2016 Audi A7 car.  Defendant sat down at the sales desk with the dealership employees and misrepresented that her name was B.E.M. while presenting Victim B.E.M.'s driver's license number to the employees.  During the same transaction, defendant presented Victim B.M.M.'s social security number to

employees, telling them that it was her own social security number. As a result of these misrepresentations, defendant was able to secure the purchase of the car on a line of credit opened using Victim B.M.M.'s social security number. Defendant completed the purchase paperwork using Victim B.E.M.'s name and drove away with the car. Throughout the transaction, defendant knew that Victims B.E.M. and B.M.M. were real people, and she utilized their information without authorization.

On September 7, 2019, defendant was pulled over in Hemet, California for speeding in the white 2016 Audi A7 she fraudulently purchased on August 12, 2019. During the traffic stop, the police ran her license plate and realized that the car had been reported stolen from the Gosch Auto Dealership. The car was impounded and searched, revealing over 1,000 pieces of stolen mail.

On November 11, 2019, defendant went to a Plug-In Auto Dealership in Pomona, California and told the sales staff that she was interested in purchasing a white colored 2016 Maserati Ghibli car. Defendant sat down at the sales desk with the dealership employees and identified herself as E.A. while presenting Victim E.A.'s driver's license number to the employees. During the same transaction, defendant presented Victim E.S.'s social security number to employees, telling them that it was her own social security number. As a result of these misrepresentations, defendant was able to secure the purchase of the car on a line of credit opened using Victim E.S.'s social security number. Defendant completed the purchase paperwork using Victim E.A.'s name and drove away with the car. Throughout the transaction, defendant knew that Victims E.A.

and E.S. were real people, and she utilized their information without authorization.

In total, defendant intended to cause approximately $102,000 in losses, calculated using the retail value of the cars she fraudulently purchased, the face value of any checks or negotiable instruments defendant possessed when she possessed stolen mail, and valuing each access device she unlawfully possessed or used at $500. Furthermore, defendant caused $5,832.71 in actual losses to Plug-In Auto Dealership, which they incurred when they recovered their car and had to make repairs to it. She further caused $8,129.84 in actual losses to Gosch Auto Dealership, which they incurred when they recovered their car and had to make repairs to it.

## SENTENCING FACTORS

15. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 6 | | U.S.S.G. § 2B1.1(a)(1) |
| Loss over $95,000: | +8 | | U.S.S.G. § 2B1.1(b)(1)(E) |
| Over 10 Victims: | +2 | | U.S.S.G. § 2B1.1(b)(2)(A) |
| Possession of 5+ means of ID | +2 | | U.S.S.G. § 2B1.1(b)(11)(C) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that the Court must sentence defendant to a term of 24 months of imprisonment on count two, which must run consecutive to any term of imprisonment imposed for count one.

17.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.  Defendant and the USAO agree that a two-level downward variance is appropriate in this case, based on the factors set forth in 18 U.S.C. § 3553(a), provided that the total offense level used by the Court is 15 or higher, after accounting for acceptance of responsibility

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 60 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $13,962.55; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 39 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $13,962.55.

RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

///

## EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA
TRACY L. WILKISON
United States Attorney

_____   11 January 2022
CHRISTIAN R. ACEVEDO                Date
Special Assistant U.S. Attorney

_____   01/07/2022
LARISA BETH KOWALSKI                Date
Defendant

_____   1/10/22
DAVID E. WOHL, ESQ.                 Date
Attorney for Defendant
LARISA BETH KOWALSKI

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     01/7/2022
LARISA BETH KOWALSKI                   Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LARISA BETH KOWALSKI's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____     1/10/22
DAVID E. WOHL, ESQ.                    Date
Attorney for Defendant
LARISA BETH KOWALSKI