TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
CHRISTIAN R. ACEVEDO (Cal. Bar No. 323718)
Special Assistant U.S. Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6922
     Facsimile: (951) 276-6202
     E-mail:    christian.acevedo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR 20-13-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: April 4, 2022<br>Time: 8:00 a.m. |
| LARISA BETH KOWALSKI, | Courtroom of the Honorable<br>John F. Walter |
| Defendant. | |

Plaintiff, United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, and Special Assistant United States Attorney Christian R. Acevedo, hereby files its Sentencing Position.

//

//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, the United States Probation Office's Presentence Investigation Report and such further evidence and argument as the Court may permit.

Dated: March 14, 2022         Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office


*/s/ Christian R. Acevedo*
CHRISTIAN R. ACEVEDO
Special Assistant U.S. Attorney
Riverside Branch Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Larisa Beth Kowalski ("defendant") shamelessly partook in a mail theft, identity theft, and access device fraud scheme. The government respectfully requests that the Court impose a sentence of 36 months' imprisonment (12 months on the access device fraud count, plus 24 months on the 1028A), followed by a three-year term of supervised release, and that the Court order defendant to pay $13,962.55 in restitution and a $200 special assessment. This sentence is warranted based on defendant's calculated choice to steal from and defraud members of her community, and the absence of significant mitigating circumstances.

**II.   STATEMENT OF FACTS**

On August 12, 2019, defendant went to a Gosch Auto Dealership in Temecula, California and told the sales staff that she was interested in purchasing a white colored 2016 Audi A7 car. Defendant sat down at the sales desk with the dealership employees and misrepresented that her name was B.E.M. while presenting Victim B.E.M.'s driver's license number to the employees. During the same transaction, defendant presented Victim B.M.M.'s social security number to employees, telling them that it was her own social security number. As a result of these misrepresentations, defendant was able to secure the purchase of the car on a line of credit opened using Victim B.M.M.'s social security number. Defendant completed the purchase paperwork using Victim B.E.M.'s name and drove away with the car. Throughout the transaction, defendant knew that Victims B.E.M. and

B.M.M. were real people, and she utilized their information without authorization. (Plea Agreement, ECF No. 42, ¶ 14.)

On September 7, 2019, defendant was pulled over in Hemet, California for speeding in the white 2016 Audi A7 she fraudulently purchased on August 12, 2019. During the traffic stop, the police ran her license plate and realized that the car had been reported stolen from the Gosch Auto Dealership. The car was impounded and searched, revealing over 1,000 pieces of stolen mail. (Id.)

On November 11, 2019, defendant went to a Plug-In Auto Dealership in Pomona, California and told the sales staff that she was interested in purchasing a white colored 2016 Maserati Ghibli car. Defendant sat down at the sales desk with the dealership employees and identified herself as E.A. while presenting Victim E.A.'s driver's license number to the employees. During the same transaction, defendant presented Victim E.S.'s social security number to employees, telling them that it was her own social security number. As a result of these misrepresentations, defendant was able to secure the purchase of the car on a line of credit opened using Victim E.S.'s social security number. Defendant completed the purchase paperwork using Victim E.A.'s name and drove away with the car. Throughout the transaction, defendant knew that Victims E.A. and E.S. were real people, and she utilized their information without authorization. (Id.)

In total, defendant intended to cause approximately $102,000 in losses, calculated using the retail value of the cars she fraudulently purchased, the face value of any checks or negotiable instruments defendant possessed when she possessed stolen mail, and

valuing each access device she unlawfully possessed or used at $500. Furthermore, defendant caused $5,832.71 in actual losses to Plug-In Auto Dealership, which they incurred when they recovered their car and had to make repairs to it.  She further caused $8,129.84 in actual losses to Gosch Auto Dealership, which they incurred when they recovered their car and had to make repairs to it.  (Id.)

**III. GUIDELINES AND CRIMINAL HISTORY CALCULATION**

On February 28, 2022, the United States Probation Office ("USPO") disclosed its Presentence Report ("PSR"), calculating a guidelines range of 18 to 24 months for count one, based on an offense level of 15 and a criminal history category of I.

The government concurs with the PSR's calculation of defendant's criminal history.  The government further recommends a downward variance, for an adjusted offense level of 13, based on the factors set forth in 18 U.S.C. § 3553(a).

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

18 U.S.C. § 3553(a) sets forth factors for the Court to consider alongside the Guideline range.  A sentence of 36 months' imprisonment (12 months on the access device count plus 24 months on the 1028A) is appropriate in light of "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct."  18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

### A. Seriousness of the Offense

Defendant's scheme was far-reaching and had a drastic impact on the community. Defendant victimized citizens who entrusted the U.S. Postal Service with safeguarding financial and personal documents. Defendant was relentless in stealing mail to fuel her fraudulent scheme. Further, people use the mail every day, as well as checks and credit cards, and they do so with the expectation that their mail, checks, and credit card information will not be stolen and abused. Defendant's crime exposed the public to tangible harm, and her sentence must reflect that.

Accordingly, a 36-month sentence would promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and will protect the public from further crimes. See 18 U.S.C. § 3553(a)(2).

### B. Nature of the Offense and Defendant's History

The Court should consider the nature and circumstances of the offense and the history and characteristics of defendant. 18 U.S.C. § 3553(a)(1). As discussed above, the offense involved a brazen theft and fraud scheme that impacted citizens throughout the community. Defendant has minimal criminal convictions on her record and that is promising. The government has no further information regarding her sole conviction for making false checks in violation of California Penal Code Section 476, and acknowledges that it was within the same timeframe of the instant offense, even though it does not appear to be identical to the charged conduct in the instant case.

To defendant's credit, and as evidence in mitigation, defendant informed the government she intended to plead guilty well before the trial date, which "permitted the government to avoid preparing for trial and permitted the government and the court to allocate resources efficiently."  See U.S.S.G. §3E1.1(b).  Defendant also has minimal criminal history and appears to have maintained employment since being out on pretrial release.  The government, accordingly, recommends a downward variance for defendant, after taking into account her timely acceptance of responsibility and her history and characteristics.

Given defendant's early acceptance of responsibility and her history and characteristics, a sentence of 36 months' imprisonment is an appropriate sentence.

### C. Restitution

Consistent with the plea agreement in this case, the government respectfully requests the Court order defendant to pay total restitution in the amount of $5,832.71 to Plug-In Auto Dealership, and $8,129.84 to Gosch Auto Dealership.

## V. CONCLUSION

The government respectfully recommends that the Court impose a sentence of 36 months' imprisonment (12 months on the access device fraud, and the consecutive 24 months on the 1028A), followed by a three-year period of supervised release, and a mandatory special assessment of $200.  The government further recommends that defendant be ordered to pay $13,962.55 in restitution to the institutions she victimized.